# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TYRON SINGLETON, )  | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07CV554HEA |
| ) | |
| GENE STUBBLEFIELD, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Tyron Singleton (registration no. 41573), a pretrial detainee at St. Louis City Justice Center (CJC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $30.83. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $154.17, and an average monthly balance of $30.63. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $30.83, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his First Amendment right to freely exercise his religion while detained at CJC. Named as defendants are Gene Stubblefield (Superintendent), Unknown Gilmore (Deputy Superintendent), Unknown Chrans (same), Leonard Edwards (Chief of Security), Unknown Shift Commanders, Unknown Floor Supervisors, Unknown Case Workers, Jerome Fields, Ivanna Surhatlic, Unknown Weiss (Reverend), and Almeda Ball-Tyler (Unit Manager). Plaintiff seeks injunctive and monetary relief.

The complaint, along with its attachments, alleges that plaintiff has not been allowed to attend CJC's Friday Muslim Services. Plaintiff alleges that the denial of his right to attend religious services is a result of defendants' policy.

Plaintiff filed a grievance on the matter. Defendant Ball-Tyler responded to the grievance. In her response to plaintiff's grievance, Ball-Tyler claims that she consulted Deputy Superintendents Chrans and Gilmore to determine the reason that plaintiff was not allowed to attend the Friday services. Ball-Tyler summarized her discussion with Chrans and Gilmore as follows:

> The [room in which the Friday Service is held] has a maximum occupancy limit of 30 people and to create fairness among the units, only seven inmates per unit are allowed to attend service. Only those inmates assigned to the tier which is scheduled for recreation at that time can participate in any special program or activity. This procedure was implemented as an attempt to reduce the significant increase in physical altercations among inmates on different tiers. Any waivers to this procedure would serve to disrupt the order of the facility.
>
> In view of this no waivers will be granted to allow mixing of inmates on different tiers for any worship service or program activity (Adult Literacy Program & social/professional visits excluded).

Plaintiff alleges that the exception for the Adult Literacy Program is made because CJC gets paid for it, whereas CJC does not get paid to provide the Friday Muslim Services, so CJC has no incentive to grant plaintiff a waiver.

## Discussion

Liberally construed, the complaint appears to allege that a policy of defendants Stubblefield, Gilmore, Chrans, Edwards, and Ball-Tyler is preventing plaintiff from participating in the Friday Services. As a result, the Court finds that the complaint survives initial review as to these defendants, and the Court will order these defendants to respond to the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Unknown Shift Commanders, Unknown Floor Supervisors, Unknown Case Workers, Jerome Fields, Ivanna Surhatlic, or Unknown Weiss were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B) as to these defendants.

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). The complaint does not make sufficiently specific allegations to determine the identities of Unknown Shift Commanders, Unknown Floor Supervisors, or Unknown Caseworkers. Consequently, the complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B) as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $30.83 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Stubblefield, Gilmore, Chrans, Edwards, and Ball-Tyler.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Stubblefield, Gilmore, Chrans, Edwards, and Ball-Tyler shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Unknown Shift Commanders, Unknown Floor Supervisors, Unknown Case Workers, Jerome Fields, Ivanna Surhatlic, or Unknown Weiss because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 29th Day of March, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] Defendants are alleged to be employees of St. Louis City Justice Center.